## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
### (Wichita Docket)

FILED
U.S. District Court
District of Kansas

FEB 26 2016

Clerk, U.S. District Court
By: _____ Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action |
| | ) | |
| v. | ) | No. 16-M-6027-01-KGG |
| | ) | |
| SARAH J. HOPKINS, | ) | |
| | ) | |
| Defendant. | ) | |

## CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn state the following is true and correct to the best of my knowledge and belief:

## COUNT 1

### SALE OR TRANSFER OF A FIREARM
### TO A PROHIBITED PERSON
### [Title 18, U.S.C. Section 922(d)]

In or about August, 2015, in the District of Kansas, the defendant,

### SARAH J. HOPKINS,

knowingly transferred firearms, that is, a Glock, Model 22, .40 caliber semi-automatic handgun and a Zastava Serbia, AK-47 type semi-automatic rifle, to Cedric Ford, knowing and having reasonable cause to believe that Cedric Ford had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Sections 922(d) and 924(a)(2).

1

I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco,

Firearms and Explosives and that this Complaint is based upon the following facts:

See attached affidavit which is incorporated herein by reference.

Continued on the attached sheet and made a part hereof:

    __X__  Yes    _____ No

_____
Jason E. Fuller


Subscribed and sworn to before me this 26th day of February, 2016 at Wichita,

Kansas.

_____
Benjamin Burgess
Kansas District Court Judge

**AFFIDAVIT**

I, Jason E. Fuller, being duly sworn, hereby depose and say:

1.    I am a Special Agent ("SA") with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), United States Department of Justice, and have been so employed since September 2003.

2.    This affidavit is made in support of an arrest warrant and complaint for SARAH J. HOPKINS, for violations of Title 18, United States Code, Section 922(d), Transfer of a Firearm to a Convicted Felon.

3.    The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from other law enforcement officers and witnesses, and other sources of information relative to firearms and narcotics investigations.  This affidavit is intended to show that there is probable cause for the requested complaint and arrest warrant, and does not purport to set forth all of my knowledge of or investigation into this matter.

**STATEMENT OF PROBABLE CAUSE**

4.    Affiant has reviewed criminal history records pertaining to Cedric Larry FORD which indicate FORD has

1

previously been convicted of a felony offense and at all times
relevant to this affidavit was prohibited under federal law from
possessing firearms or ammunition.

5.   On February 25, 2016, FORD used one or more firearms
to shoot multiple persons in Harvey County, Kansas, which
shootings, to date, have resulted in the deaths of three
persons.  Some of these shootings committed by FORD occurred at
Excel Industries (Excel) in Hesston, Kansas.  Law enforcement
officers responded to reports of the shootings at Excel and an
officer shot and killed FORD.  After his death, FORD was found
to be in possession of two firearms which were a Glock Model 22,
.40 caliber semi-automatic handgun and Zastava Serbia, AK-47
type semi-automatic assault rifle.

6.   On February 26, 2016, Affiant and other law
enforcement officers spoke with Sarah J. HOPKINS in Newton,
Kansas.  HOPKINS advised that she had previously been in a
relationship with FORD and they resided with each other in
Newton, Kansas for a period of time.  HOPKINS stated that she
moved out of the residence she shared with FORD in approximately
July of 2011.  HOPKINS advised she was aware FORD had the two
firearms at the residence.  She also stated in August of 2015,
she was assisted by Newton, Kansas police officers who met her
at the residence she shared with FORD and she retrieved the

2

firearms from the residence because she had purchased the weapons and they belonged to her.  HOPKINS said she returned both guns to FORD in or about August, 2015, because FORD had threatened her.

7.    On February 26, 2016, Affiant spoke with Newton, Kansas police officers who met with HOPKINS on July 29, 2015, at FORD's residence which she had previously shared with him in Newton, Kansas and the police officers recalled that HOPKINS had retrieved a Glock .40 caliber pistol and an AK-47 rifle from the residence.  On July 29, 2015, HOPKINS also advised the officers FORD was a convicted felon and could not lawfully possess them.

8.    On February 26, 2016, ATF Agents spoke with Jason McCool, an employee of A Pawn Shop, 519 N. Main, Newton, Kansas, who advised that HOPKINS purchased the Glock .40 caliber pistol on March 20, 2014 and the Zastava Serbia, AK-47 rifle on March 24, 2014, at A Pawn Shop.  Subsequent to purchasing these firearms from A Pawn Shop, HOPKINS pawned both guns with A Pawn Shop.  On February 5, 2016, HOPKINS redeemed from pawn at A Pawn Shop the Zastava Serbia, AK-47 rifle. As stated previously, HOPKINS admitted transferring both firearms to FORD in or about August, 2015.

9.    Neither Glock nor Zastava Serbia firearms are manufactured in the state of Kansas and both firearms would have

3

traveled in interstate commerce prior to their recovery in

Kansas on February 26, 2016.

FURTHER AFFIANT SAITH NAUGHT.

JASON FULLER

ATF, SPECIAL AGENT


     Subscribed and sworn to before me on this 26th day of

February, 2016.

HONORABLE BENJAMIN BURGESS

KANSAS DISTRICT COURT JUDGE

4