# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 16-10032-EFM |
| ) | |
| SARAH HOPKINS, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO SUPPRESS CELL PHONES

COMES NOW, the defendant, SARAH J. HOPKINS, by and through counsel, Douglas L. Adams, Jr., and moves this Court, pursuant to the Fourth Amendment to the United States Constitution, for an order suppressing the cell phones and all information derived from the phones because the phones were seized by law enforcement without a warrant in violation of the Fourth Amendment. In support of this motion, Defendant states as follows:

1. On February 27, 2016, after Defendant was arrested and in jail, two agents drove to her residence. They told Defendant's father, Roy Hopkins, that Defendant's cell phone contained evidence, and they wanted to have them.

2. According to Roy Hopkins, the agents told him that they did not have a search warrant for the phones, but they could obtain one. They purportedly told him not to "make it difficult" for them by demanding that they obtain a search warrant.

3. Roy Hopkins did not have any possessory interest in or joint access to Defendant's phone; consequently, he could not legally consent to the seizure of Defendant's phones. United States v. Matlock, 415 U.S. 164, 171, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); People v. Blair, 321 Ill.App.3d 373, 748 N.E.2d 318 (2001); State v. Lacey, 2009 MT 62, ¶¶ 45-49, 349 Mont. 371, 204 P.3d 1192 (2009). As a consequence, when the agents directed Roy Hopkins to seize

Defendant's phones and turn them over without a warrant, the Fourth Amendment was violated.

4. Further, any "consent" Roy Hopkins gave to the seizure of Defendant's phones was a mere submission to purported lawful authority and not voluntary. Bumper v. North Carolina, 391 U.S. 543, 549, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968).

WHEREFORE, for the reasons stated above, as will be more fully set forth in the attached memorandum of law, Defendant requests that this Court enter an order suppressing Defendant's cell phones and all information derived from the phones because they were seized by law enforcement in violation of the Fourth Amendment.

Respectfully submitted,

s/ Douglas L. Adams, Jr.
Douglas L. Adams  #16092
Ney & Adams
200 N. Broadway, Suite 100
Wichita, Kansas 67202
(316) 264-0100
Fax: (316) 264-1771
Email: adams@naslaw.net
Attorney for Defendant Sarah J. Hopkins

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing MOTION TO SUPPRESS was delivered to the United States Attorney's Office and all other interested parties on this 29th day of June, 2016, through the electronic filing procedures of the United States District Court.

s/ Douglas L. Adams, Jr.
Douglas L. Adams, #16092