FILED
U.S. District Court
District of Kansas

SEP - 8 2016

Clerk, U.S. District Court
By_____cm_____Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA

Plaintiff,

v.

SARAH J. HOPKINS,

Defendant.

Case No. 16-10046-01-EFM

## PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney, Lanny D. Welch, and Sarah J. Hopkins, the defendant, personally and by and through her counsel, Doug Adams, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to waive indictment and plead guilty to Count 1 of the Superseding Information charging a violation of 18 U.S.C. § 4, that is, Misprision of a Felony. By entering into this Plea Agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Superseding Information to which she has agreed to plead guilty is not more than 3 years of imprisonment, a $250,000 fine, not more than 1 year of supervised release, and a $100 mandatory special assessment.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

1

Prior to July 30, 2015, Cedric L. FORD was convicted of a felony offense and was prohibited under federal law from possessing a firearm. Sarah J. HOPKINS, the defendant, had been in a relationship with FORD and during portions of 2015 FORD and HOPKINS shared a residence in Newton, Kansas.

In August of 2015, HOPKINS requested assistance from the Newton Police Department to retrieve property from the residence she shared with FORD. When the officers arrived at the residence they observed HOPKINS retrieve, amongst other items, two firearms, a Glock .40 caliber semi-automatic pistol and a Zastava Serbia, AK-47 rifle, from the residence. While doing so, HOPKINS told the police officers FORD could not possess the firearms because he was a convicted felon.

On February 25, 2016, FORD used both firearms to shoot, and shoot at, multiple persons in Harvey County, Kansas, and these shootings resulted in the deaths of three people. Most of the people shot and shot at by FORD, and all three of the victims who died, were located at the Excel Industries (Excel) facility in Hesston, Kansas. Other victims were shot at along a highway between Newton, Kansas and Hesston, Kansas. FORD was killed at Excel while still pursuing additional victims.

While assisting in the investigation of FORD's shootings, ATF agents learned that the firearms used by FORD to commit the shootings were purchased by HOPKINS from an out-of-state Federal Firearms Licensee (FFL) and shipped to a pawn shop/FFL in Newton, Kansas, where in March 2014 they were transferred to her. In connection with the transfer of these firearms from the pawn shop she filled out a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473, Firearms Transaction Record, on which she stated in question 11a that she was the actual transferee of the firearm she was buying. Both firearms were pawned and redeemed at the Newton pawn shop subsequent to their purchase.

Also as part of this investigation, ATF agents reviewed text messages sent and received by FORD and HOPKINS on their cellular telephones in January and February of 2016. Several texts were identified between FORD and HOPKINS where FORD requested HOPKINS retrieve/redeem the AK-47 rifle from the pawn shop. HOPKINS agreed to retrieve the weapon for FORD because she knew FORD was a felon and could not obtain the gun from the pawn shop. On February 5, 2016, she retrieved/redeemed the rifle from the pawn shop paying for it with FORD's credit card. In doing so, she again filled out a Department of Justice, Bureau of

2

Alcohol, Tobacco, Firearms, and Explosives form 4473, Firearms Transaction Record, on which she stated in question 11a that she was the actual transferee of the firearm she was redeeming, when, in fact, she knew she was redeeming it for Cedric Ford thereby concealing the fact that the weapon actually belonged to FORD and that she planned to return the rifle to him and, in fact, did return the rifle to him. In addition, after returning the rifle to FORD, HOPKINS failed to notify an authority that FORD was a convicted felon in possession of a firearm.

Despite returning the rifle to FORD knowing he was a convicted felon, there is no evidence that HOPKINS was aware FORD planned to harm anyone with this or any other weapon. In fact, there is no evidence that FORD formulated a plan to shoot people at Excel prior to February 25, 2016.

Glock .40 caliber semi-automatic pistols and Zastava Serbia, AK-47 rifles are not manufactured in Kansas and both firearms traveled in interstate or foreign commerce before they were recovered by law enforcement officers at Excel on or about February 25, 2016.

3. **Application of the Sentencing Guidelines.** The parties understand the Court will consider the United States Sentencing Guidelines (Guidelines) in calculating the sentence in this case. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The defendant is free to request a sentence below the applicable guideline range. The parties agree that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4. **Relevant Conduct.** The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all

other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count(s) of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5.  **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney's Office for the District of Kansas agrees:

(a) to dismiss the Indictment at the time of sentencing;

(b) to not file any additional charges against the defendant arising out of the facts forming the basis for the present offense;

(c) to recommend a sentence at the low end of the applicable guideline range, and to not oppose the defendant's request for a sentence of probation;

(d) to recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if her offense level is 16 or greater, prior to any reduction for acceptance of responsibility, and the Court finds she qualifies for a two-level reduction, the United States will move at the time of sentencing for an additional one-level reduction for acceptance of responsibility because she timely notified the government of her intention to enter a plea of guilty.

The United States' obligations under this paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to her involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if she has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in

4

additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, she understands and agrees that all statements she made, any testimony she gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against her in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 401, or any other federal rule that pertains to the admissibility of any statements she made subsequent to this Plea Agreement.

6. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise as to what sentence she will receive.

7. **Forfeiture of Assets.** The defendant knowingly and voluntarily agrees and consents to forfeit any interest she has in the following:

   a) a Glock, Model 22, .40 caliber semi-automatic handgun, bearing S/N NCZ673;

   b) a Zastava Serbia, AK-47 type semi-automatic rifle, bearing S/N NPDF000869;

The defendant agrees that this property was involved in the commission of the offense charged in the Superseding Information. The defendant knowingly and voluntarily waives her right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses to the imposition of a forfeiture judgment. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of

5

her sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of her interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

8. **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which she does not agree, she will not be permitted to withdraw her guilty plea.

9. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 per count of conviction will be entered against her at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. If the defendant fails to make full payment of the special assessment, the United States will no longer be bound by the provisions contained in Paragraph 5 of this agreement. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during her period of incarceration.

10. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, her conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords her the right to appeal the conviction and sentence imposed. The defendant also waives any right to

challenge her sentence, or the manner in which it was determined, or otherwise attempt to modify or change her sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

11. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

12. **Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

13. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant

to determining the appropriate sentence in this case. This may include information concerning her background, character, and conduct, including the entirety of her criminal activities. The defendant understands these disclosures are not limited to the count to which she is pleading guilty. The United States may respond to comments she or her attorney makes, or to positions she or her attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

14. **Parties to the Agreement.** The defendant understands this Plea Agreement binds only her and the United States Attorney's for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

15. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with her attorney and she is fully satisfied with the advice and representation her attorney provided. Further, the defendant acknowledges that she has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and that this Plea Agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that she is entering into this Plea Agreement and is pleading guilty because she is guilty and she further acknowledges that she is entering her guilty plea freely, voluntarily, and knowingly.

_(signature)_  
Lanny D. Welch  
Assistant United States Attorney

Date: 9/8/16

_(signature)_  
Brent Anderson  
Criminal Supervisor

Date: 9/8/16

_(signature)_  
Sarah J. Hopkins  
Defendant

Date: 9/8/16

_(signature)_  
Douglas Adams  
Counsel for Defendant Hopkins

Date: 9/8/16