IN THE UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

THE UNITED STATES OF AMERICA,    )
                                 )
                Plaintiff,       )
                                 )
v.                               )  District Court
                                 )  Case No.
SARAH J. HOPKINS,                )  16-10032
                                 )
                Defendant.       )

TRANSCRIPT OF PROCEEDINGS

        On the 8th day of September, 2016, came on to be
heard proceedings in the above-entitled and numbered
cause before the HONORABLE ERIC F. MELGREN, Judge of the
United States District Court for the District of Kansas,
sitting in Wichita, commencing at 2:59 P.M. Proceedings
recorded by machine shorthand.  Transcript produced by
computer-aided transcription.

APPEARANCES:

The plaintiff appeared by and through:
        Mr. Lanny D. Welch
        Mr. David M. Lind
        United States Attorey's Office
        1200 Epic Center
        301 North Main
        Wichita, Kansas 67202

The defendant appeared by and through:
        Mr. Douglas L. Adams, Jr.
        Ney & Adams
        200 North Broadway
        Suite 300
        Wichita, Kansas 67202

14:58:36   1          THE COURT:  The next case on the Court's docket is

14:58:37   2   the case of the United States versus Sarah J. Hopkins,

14:58:40   3   Case No. 16-10032.  The United States appears by

14:58:45   4   Assistant United States Attorneys Lanny Welch and David

14:58:48   5   Lind, and the defendant appears in person and by her

14:58:51   6   counsel Doug Adams.  This matter comes before the court

14:58:54   7   for a change of plea.

14:58:55   8          For the record, ma'am, are you Sarah Hopkins?

14:58:57   9          THE DEFENDANT:  Yes, Your Honor.

14:59:00   10         MR. ADAMS:  Would you like us to remain standing

14:59:01   11  or seated?

14:59:02   12         THE COURT:  Well, you're standing now.  You can

14:59:04   13  sit but in about 30 seconds I'm going to ask her to stand

14:59:07   14  and take an oath, so we'll let her sit after that.

14:59:11   15         Ms. Hopkins, I'm going to ask you some questions

14:59:13   16  this afternoon.  Your answers will be under oath and on

14:59:16   17  the record.  That means if you were to give false answers

14:59:19   18  or if you were to change your answers, the United States

14:59:22   19  could prosecute you for perjury or for false statements.

14:59:25   20  Do you understand?

14:59:26   21         THE DEFENDANT:  Yes, Your Honor.

14:59:26   22         THE COURT:  Are you agreeable to take an oath to

14:59:30   23  tell the truth in this case?

14:59:30   24         THE DEFENDANT:  Yes, Your Honor.

14:59:31   25         THE COURT:  You are standing.  If you would let

14:59:34   1   the courtroom deputy swear you in at this point.

14:59:37   2        CLERK COOK:  Please raise your right hand.

14:59:38   3        You do solemnly swear that the statements given in

14:59:41   4   the petition to enter a plea of guilty herein are true

14:59:44   5   and correct and that any oral statements you make at this

14:59:46   6   hearing are true and correct, so help you God?  If so,

14:59:49   7   please say, "I do."

14:59:50   8        THE DEFENDANT:  I do.

14:59:51   9        THE COURT:  You may be seated now, Ms. Hopkins,

14:59:53   10  and you may answer the rest of my questions while you're

14:59:56   11  sitting at the table unless I instruct you otherwise.

14:59:59   12        (The defendant complies.)

15:00:00   13        THE COURT:  I'm told that you're 28 years old and

15:00:04   14  you've completed formal education through a high school

15:00:06   15  diploma.  Is that correct?

15:00:07   16        THE DEFENDANT:  Yes, sir.

15:00:08   17        THE COURT:  Have you had any alcohol to drink in

15:00:09   18  the last 24 hours?

15:00:10   19        THE DEFENDANT:  No, sir.

15:00:11   20        THE COURT:  Have you taken any medications or

15:00:14   21  drugs of any kind, whether legal or otherwise, in the

15:00:19   22  past week?  I'm told that you've taken Lexapro -- and I

15:00:23   23  can never pronounce these pharmaceutical names --

15:00:27   24  Metformin.

15:00:27   25        THE DEFENDANT:  Metformin, yes, sir.  No, sir,

15:00:29  1  I've not other than those.

15:00:30  2       THE COURT:  Those are the only two that you've

15:00:32  3  taken?

15:00:32  4       THE DEFENDANT:  Yes.

15:00:32  5       THE COURT:  I -- tell me what these -- very

15:00:35  6  briefly -- what these medications are for.

15:00:37  7       THE DEFENDANT:  The Metformin's for prediabetic,

15:00:41  8  and the Lexapro is for anxiety and depression.

15:00:43  9       THE COURT:  All right.  Do either of these med --

15:00:45  10  and these are the only medications or drugs, legal or

15:00:48  11  otherwise, that you've taken the last week?

15:00:50  12       THE DEFENDANT:  Other than daily vitamins, yes,

15:00:52  13  that's it.

15:00:52  14       THE COURT:  Do either of these medications in

15:00:55  15  anyway interfere with your process to understand what's

15:00:57  16  going on?

15:00:58  17       THE DEFENDANT:  No, sir.

15:00:59  18       THE COURT:  Do they impair your judgment or

15:01:01  19  ability to make decisions about what's in your best

15:01:03  20  interests?

15:01:03  21       THE DEFENDANT:  No, sir.

15:01:05  22       THE COURT:  Have you ever been under the care of a

15:01:06  23  doctor or a health care worker for any mental health or

15:01:08  24  emotional health issues?

15:01:10  25       THE DEFENDANT:  Yes, sir, with the Lexapro.

| | | |
|---|---|---|
| 15:01:13 | 1 | THE COURT: All right. How long ago did you first |
| 15:01:16 | 2 | see a doctor regarding those anxiety issues? |
| 15:01:19 | 3 | THE DEFENDANT: When I was in high school. |
| 15:01:21 | 4 | THE COURT: All right. |
| 15:01:22 | 5 | THE DEFENDANT: So, shoot -- |
| 15:01:27 | 6 | THE COURT: And I assume since you have a |
| 15:01:27 | 7 | current -- I'm sorry. |
| 15:01:27 | 8 | THE DEFENDANT: About 17 when I first saw him. |
| 15:01:31 | 9 | THE COURT: Okay. So for roughly ten years or so? |
| 15:01:33 | 10 | THE DEFENDANT: Yeah. |
| 15:01:34 | 11 | THE COURT: And I assume, since you have a current |
| 15:01:36 | 12 | prescription for the Lexapro, you're still seeing someone |
| 15:01:38 | 13 | that provides you that prescription? |
| 15:01:39 | 14 | THE DEFENDANT: Yes, sir. |
| 15:01:39 | 15 | THE COURT: Other than that, has he -- has he |
| 15:01:42 | 16 | diagnosed or treated you for anything other than anxiety? |
| 15:01:44 | 17 | THE DEFENDANT: No, sir. |
| 15:01:45 | 18 | THE COURT: All right. Has a court ever found |
| 15:01:49 | 19 | that you were incompetent to make decisions about your |
| 15:01:52 | 20 | own affairs and appointed somebody else to make decisions |
| 15:01:55 | 21 | on your behalf? |
| 15:01:57 | 22 | THE DEFENDANT: No, sir. |
| 15:01:58 | 23 | THE COURT: You're represented in this case by |
| 15:02:00 | 24 | your attorney, Mr. Adams. Have you and Mr. Adams had |
| 15:02:02 | 25 | enough time to discuss this case? |

15:02:05  1          THE DEFENDANT:  Yes, sir.

15:02:05  2          THE COURT:  Has he talked to you about the charges

15:02:08  3  you're facing, the possibility that you could go to

15:02:11  4  trial, and what defenses you might have?

15:02:12  5          THE DEFENDANT:  Yes, sir.

15:02:13  6          THE COURT:  Are you satisfied with the way

15:02:14  7  Mr. Adams is handling your case?

15:02:16  8          THE DEFENDANT:  Yes, sir.

15:02:17  9          THE COURT:  Your attorney continues to represent

15:02:19  10 you throughout this hearing this afternoon, ma'am.  And

15:02:22  11 that means that if at any point today, before you make a

15:02:25  12 statement or answer a question that I've asked you, you'd

15:02:29  13 like to first talk with him privately about what you

15:02:32  14 should say, you're entitled to do that.  Just let me know

15:02:36  15 at any point that you'd like time to visit with your

15:02:37  16 attorney privately, and I'll give you whatever time you

15:02:40  17 need.  Do you understand?

15:02:41  18         THE DEFENDANT:  Yes, sir.

15:02:41  19         THE COURT:  All right.  Ms. Hopkins, I'm going to

15:02:44  20 ask you some questions about your plans to plead guilty,

15:02:48  21 I'm going to explain to you some rights you have that

15:02:51  22 you'll give up by entering that plea, and I'm going to

15:02:54  23 talk to you about some agreements you're making in

15:02:56  24 connection with that plea.

15:02:58  25         These hearings always concern me a little because

15:03:03   1   the attorneys and I do this kind of hearing all the time.

15:03:07   2   This is a very familiar process for us.  But, of course,

15:03:10   3   it's unfamiliar to you.  So that creates a risk that we

15:03:15   4   might all think you understand what I'm talking about

15:03:17   5   when, in fact, I might have confused you or I might have

15:03:21   6   lost you.  And I don't want to do that.

15:03:23   7        If there's any point this afternoon when you're

15:03:26   8   not certain you understand what I'm saying or that you're

15:03:28   9   following me, please let me know, and I'll be happy to

15:03:31   10  take whatever time we need to explain things to you

15:03:33   11  because it's important to me that you understand

15:03:35   12  everything we discuss.

15:03:36   13        Will you do that, ma'am?

15:03:37   14        THE DEFENDANT:  Yes, sir.

15:03:38   15        THE COURT:  And just so we're clear, unless you

15:03:41   16  tell me that you don't understand what I'm saying, then

15:03:45   17  we're all going to assume that you do understand.

15:03:48   18        THE DEFENDANT:  Yes.

15:03:48   19        THE COURT:  Fair enough?

15:03:49   20        THE DEFENDANT:  Yes.

15:03:50   21        THE COURT:  Very well.  You were charged in this

15:03:52   22  case by the grand jury, and I understand you're not here

15:03:55   23  to plead to this charge from the grand jury but this is

15:03:58   24  the current charge against you so that's where I want to

15:04:01   25  start.  You were charged in this case with one count of

15:04:06    1   sale or transfer of a firearm to a prohibited person.

15:04:10    2        Do you understand this charge that's outstanding

15:04:12    3   against you?

15:04:13    4        THE DEFENDANT:  Uh-huh, yes, sir.

15:04:16    5        THE COURT:  It's the most natural thing in

15:04:19    6   conversation to say "uh-huh" or "huh-uh" --

15:04:21    7        THE DEFENDANT:  I know.

15:04:22    8        THE COURT:  -- but that's very confusing to the

15:04:24    9   court deputy.

15:04:24   10        THE DEFENDANT:  Sorry.

15:04:25   11        THE COURT:  That's all right.  Everybody does it.

15:04:26   12   But if you could remember to try to say "yes" or "no,"

15:04:28   13   that'll help us out.  Thank you.

15:04:29   14        Have you and Mr. Adams discussed this charge and

15:04:32   15   has he answered any questions you have about it?

15:04:34   16        THE DEFENDANT:  Yes, sir.

15:04:34   17        THE COURT:  Counsel, are you confident your client

15:04:36   18   understands the charge against her?

15:04:37   19        MR. ADAMS:  Yes, Your Honor.

15:04:38   20        THE COURT:  Ms. Hopkins, the first thing I want

15:04:42   21   you to understand this afternoon is that you don't have

15:04:44   22   to plead guilty to this or to any charge.  You have a

15:04:49   23   right to a trial if you want one.  If you go to trial,

15:04:53   24   it'll be the job of the U.S. Attorney's Office to prove

15:04:57   25   that you've done whatever you're charged with doing.

15:05:01   1   It's not in any way going to be your job to prove that

15:05:04   2   you haven't done these things or to prove that you're

15:05:07   3   innocent.  You won't have to prove anything at all.  The

15:05:11   4   job of proof will be entirely on the Government's

15:05:14   5   shoulders.

15:05:16   6           THE DEFENDANT:  Yes, Your Honor.

15:05:17   7           THE COURT:  If we go to trial we'll pick a jury of

15:05:20   8   12 ordinary citizens who have no prior opinion about your

15:05:23   9   case, and each one of whom can convince me that they

15:05:27  10   could give you a fair and impartial trial.  And at the

15:05:32  11   start of the trial I would tell that jury that it had to

15:05:34  12   presume you innocent of any charge against you unless the

15:05:39  13   U.S. Attorney's Office could persuade each one of them,

15:05:42  14   and all 12 of them unanimously, beyond a reasonable

15:05:47  15   doubt, that you had done whatever you were charged with

15:05:51  16   doing.

15:05:52  17           You'd be entitled to a speedy trial, which means

15:05:56  18   this matter could not languish indefinitely but you'd

15:05:59  19   have the right to go to trial more or less as quickly as

15:06:04  20   you wanted.  In preparation for trial and throughout the

15:06:06  21   trial, you'd continue to have the right to an attorney to

15:06:09  22   assist you.  During the trial you'd have the right to see

15:06:13  23   and hear every witness that the Government called in its

15:06:17  24   effort to prove its case against you, and your attorney

15:06:20  25   would have the right to ask those witnesses any questions

| | |
|---|---|
| 15:06:24 | 1 | that were helpful and appropriate to your defense. |
| 15:06:27 | 2 | You'd have the right to call witnesses of your own |
| 15:06:30 | 3 | if you wanted to, and the right to use the power and |
| 15:06:32 | 4 | process of the court to compel those witnesses to appear |
| 15:06:35 | 5 | at trial.  But you yourself would have the right to not |
| 15:06:41 | 6 | take the stand where you would have to answer questions |
| 15:06:45 | 7 | but to remain silent.  And if you chose to remain silent, |
| 15:06:49 | 8 | I would tell the jury that it could not consider your |
| 15:06:51 | 9 | silence as any evidence that you were guilty.  If you |
| 15:06:56 | 10 | were convicted, you'd have the right to an appeal. |
| 15:06:59 | 11 | Do you understand that you have all these rights |
| 15:07:01 | 12 | available to you if you choose to go to trial? |
| 15:07:03 | 13 | THE DEFENDANT:  Yes, Your Honor. |
| 15:07:04 | 14 | THE COURT:  If you plead guilty today, and if I |
| 15:07:09 | 15 | accept your plea, you'll still have your right to an |
| 15:07:12 | 16 | attorney to help you with anything else we do here in |
| 15:07:15 | 17 | court but all these other rights that I've discussed with |
| 15:07:18 | 18 | you you'll give up.  And once I've accepted your plea, |
| 15:07:22 | 19 | ma'am, that's final; you can't change your mind later and |
| 15:07:26 | 20 | get these rights back.  Do you understand that? |
| 15:07:28 | 21 | THE DEFENDANT:  Yes, Your Honor. |
| 15:07:29 | 22 | THE COURT:  Do you have any questions about any of |
| 15:07:31 | 23 | this so far? |
| 15:07:31 | 24 | THE DEFENDANT:  No, Your Honor. |
| 15:07:32 | 25 | THE COURT:  Do you still wish to proceed to plead |

| | | |
|---|---|---|
| 15:07:33 | 1 | guilty? |
| 15:07:34 | 2 | THE DEFENDANT: Yes, Your Honor. |
| 15:07:34 | 3 | THE COURT: The Government informs me that this |
| 15:07:38 | 4 | morning it filed a superseding information against you, |
| 15:07:41 | 5 | and that that's, in fact, the charge which you're here to |
| 15:07:45 | 6 | plead to today. And the superseding information charges |
| 15:07:48 | 7 | you with -- it's called misprision of a felony, not |
| 15:08:00 | 8 | notifying -- well, let me just ask you this. Have you -- |
| 15:08:03 | 9 | have you seen the superseding information? |
| 15:08:05 | 10 | THE DEFENDANT: Yes, Your Honor. |
| 15:08:05 | 11 | THE COURT: You and Mr. Adams have discussed it |
| 15:08:08 | 12 | and has he explained it to you? |
| 15:08:09 | 13 | THE DEFENDANT: Yes, Your Honor. |
| 15:08:11 | 14 | THE COURT: Do you think you understand this |
| 15:08:12 | 15 | charge? |
| 15:08:13 | 16 | THE DEFENDANT: Yes, Your Honor. |
| 15:08:14 | 17 | THE COURT: You seemed a little dubious about |
| 15:08:16 | 18 | that. |
| 15:08:16 | 19 | THE DEFENDANT: Well, I've read it and we |
| 15:08:18 | 20 | discussed it. |
| 15:08:18 | 21 | THE COURT: It's certainly not written in the kind |
| 15:08:21 | 22 | of English that most of us would use. |
| 15:08:23 | 23 | THE DEFENDANT: No. |
| 15:08:24 | 24 | THE COURT: But you think you understand what |
| 15:08:25 | 25 | you're charged with in this document? |

15:08:26   1         THE DEFENDANT:  Yes, Your Honor.

15:08:27   2         THE COURT:  Counsel, are you confident your client

15:08:29   3    understands the charge against her in this case?

15:08:30   4         MR. ADAMS:  Yes, Your Honor.

15:08:31   5         THE COURT:  Ms. Hopkins, the first thing I want to

15:08:33   6    tell you about the superseding information is that under

15:08:37   7    our rules you don't actually have to make any response to

15:08:41   8    this charge at all.  You have a right to tell the

15:08:43   9    Government that, if they want to file this charge against

15:08:45   10   you, they need to go to the grand jury and get it to

15:08:48   11   indict you on this charge and, unless it does that, you

15:08:51   12   don't have to respond or make any reply to this charge at

15:08:56   13   all.  Do you understand that?

15:08:57   14        THE DEFENDANT:  Yes, Your Honor.

15:08:57   15        THE COURT:  I understand that you're willing to

15:08:59   16   waive that right and agree that the Government can

15:09:02   17   proceed in this case against you with this charge.  Is

15:09:07   18   that correct?  Are you willing to do that?

15:09:09   19        THE DEFENDANT:  Yes, Your Honor.

15:09:09   20        THE COURT:  Do we have a waiver of indictment form

15:09:11   21   prepared?

15:09:12   22        MR. ADAMS:  I have prepared one, yes, Your Honor.

15:09:14   23        THE COURT:  Thank you.

15:09:43   24        (Brief pause.)

15:09:43   25        THE COURT:  All right.  The defendant and her

15:09:45  1   attorney presented to me a waiver of indictment form,

15:09:47  2   which both of them have signed.  I'm approving it.  And

15:09:50  3   from now on, ma'am, this superseding information charge

15:09:54  4   is the only charge we'll be talking about in this

15:09:57  5   hearing.

15:09:59  6        I'm told that you and Mr. Adams have reached a

15:10:04  7   plea agreement to this charge with the Government, and I

15:10:06  8   have a copy of that plea agreement.  Have you gone over

15:10:09  9   this plea agreement with your attorney?

15:10:10  10       THE DEFENDANT:  Yes, Your Honor.

15:10:11  11       THE COURT:  Has he explained it to you, answered

15:10:14  12  any questions you had about it?

15:10:15  13       THE DEFENDANT:  Yes, Your Honor.

15:10:16  14       THE COURT:  Do you think you understand it?

15:10:17  15       THE DEFENDANT:  Yes, Your Honor.

15:10:20  16       THE COURT:  Mr. Adams -- did you want to ask him a

15:10:23  17  question?

15:10:24  18       THE DEFENDANT:  No.  You just made me question if

15:10:26  19  I understand things.

15:10:27  20       THE COURT:  I'm sorry?

15:10:28  21       THE DEFENDANT:  I said when you asked me that it

15:10:30  22  makes me question whether I actually understand it or

15:10:32  23  not.

15:10:32  24       THE COURT:  Well, I ask everybody that.  I just

15:10:34  25  want to make sure that whatever document you're giving me

15:10:37   1  in court isn't something like the service agreement you

15:10:39   2  have with your cell phone that none of us read or

15:10:42   3  understand.  I want to make sure that you understand this

15:10:44   4  one.

15:10:44   5       Mr. Adams, are you confident your client

15:10:46   6  understands the promises she's making and the promises

15:10:48   7  being made to her in this plea agreement?

15:10:49   8       MR. ADAMS:  Yes, Your Honor.

15:10:50   9       THE COURT:  Ms. Hopkins, I want to walk through

15:10:53  10  some of the these provisions with you here on the record,

15:10:57  11  just to satisfy myself that you understand them.

15:11:00  12       Paragraph 1 indicates that you're waiving

15:11:03  13  indictment, which you've just done, and pleading guilty

15:11:06  14  to the count in the superseding information, which

15:11:08  15  charges you with violating 18 United States Code § 4.

15:11:12  16  That's called misprision of a felony.

15:11:15  17       I'm required to tell you that under the law, for

15:11:18  18  being found guilty of this charge, you could receive a

15:11:21  19  sentence of up to three years in prison, up to a $250,000

15:11:25  20  fine, up to one year of supervised release, and you'll be

15:11:30  21  required to pay a hundred-dollar mandatory special

15:11:32  22  assessment to the Crime Victims Fund.  Do you understand

15:11:35  23  that?

15:11:35  24       THE DEFENDANT:  I understand that, sir.

15:11:36  25       THE COURT:  Let me talk to you about supervised

15:11:37   1   release just briefly.  Everyone pretty much understands

15:11:41   2   time in prison or a fine but may not understand

15:11:44   3   supervised release.  And that simply means that, if you

15:11:47   4   receive a prison sentence, after you've served that or

15:11:51   5   you may go straight on supervised release, but in either

15:11:55   6   case you'll be subject to supervision by the

15:11:57   7   United States Probation Office for a period of time.

15:12:01   8          During that period of supervision, you'll have to

15:12:03   9   comply with the terms and conditions of supervision.

15:12:06   10  Those will all be set forth at the time of your

15:12:09   11  sentencing.  If you don't comply with them, you can be

15:12:12   12  brought back in to court and charged with violation of

15:12:15   13  supervised release.  And if I or another judge find that

15:12:19   14  you have violated your supervised release, we could send

15:12:22   15  you back to prison.  And we could do that without you

15:12:25   16  having a right to a jury trial at that point.

15:12:28   17         Do you understand?

15:12:29   18         THE DEFENDANT:  Yes, Your Honor, I understand.

15:12:31   19         THE COURT:  Paragraph 1 also says that by entering

15:12:34   20  into this plea agreement you admit that you knowingly

15:12:38   21  committed this crime and that you're guilty of it.  Is

15:12:42   22  that a correct statement, ma'am?

15:12:43   23         THE DEFENDANT:  Yes, Your Honor.

15:12:44   24         THE COURT:  Paragraph 2 sets out the facts you're

15:12:48   25  admitting to as a part of this plea.  These facts are

15:12:52  1  very important because I'm going to rely on the facts to

15:12:56  2  which you admit in deciding both if I can accept your

15:12:59  3  plea and ultimately in deciding what sentence is

15:13:02  4  appropriate in your case.

15:13:03  5       It's a fairly straightforward charge but a fairly

15:13:08  6  long statement of facts.  Have you gone through this

15:13:10  7  statement of facts in detail with Mr. Adams and discussed

15:13:13  8  it?

15:13:13  9       THE DEFENDANT:  Yes, Your Honor.

15:13:13  10      THE COURT:  And are you confident that it's

15:13:15  11 accurate?

15:13:15  12      THE DEFENDANT:  Yes, Your Honor.

15:13:16  13      THE COURT:  I'm going to summarize it for you,

15:13:18  14 just here on the record.  This paragraph says that prior

15:13:23  15 to July 30th of last year an individual named Cedric Ford

15:13:29  16 was convicted of a felony and, therefore, because of that

15:13:32  17 conviction, he was not authorized to possess a firearm.

15:13:35  18 You were in a relationship with Mr. Ford during portions

15:13:39  19 of last year, and you shared a residence with him in

15:13:41  20 Newton, Kansas.

15:13:42  21      In August of last year you actually asked the

15:13:49  22 Newton Police Department to help you retrieve some

15:13:51  23 property from the residence you shared with Mr. Ford.

15:13:54  24 And when the police arrived to assist you, they'd noted,

15:13:57  25 among other things, that you recovered a couple of

15:14:00  1  firearms, a Glock .40 caliber semiautomatic pistol and a

15:14:07  2  Zastava AK-47 rifle.  You told the police at that time

15:14:08  3  that you knew that Mr. Ford could not possess those

15:14:11  4  firearms because of his felony conviction.

15:14:13  5         In February of this year, several months following

15:14:18  6  that date, Mr. Ford, in fact, used both of those same

15:14:22  7  firearms to shoot and shoot at multiple people in Harvey

15:14:26  8  County, Kansas, resulting in the deaths of three people.

15:14:30  9  Mr. Ford himself was killed at the Excel plant in Hesston

15:14:34  10  while still pursuing additional victims.

15:14:37  11         And in the investigation following that shooting

15:14:41  12  federal agents with ATF learned that these firearms used

15:14:45  13  by him to commit the shootings had been bought by you

15:14:49  14  from an out-of-state Federal Firearms Licensee and

15:14:53  15  shipped to Newton, Kansas, where they were given to you,

15:14:56  16  and in claiming them you had filled out a form called a

15:15:01  17  Firearms Transaction Record, in which you stated that you

15:15:04  18  were the actual transferee of the firearms being

15:15:06  19  purchased.

15:15:08  20         Both of these firearms were later pawned and then

15:15:11  21  redeemed at a Newton pawnshop after that date.  Further,

15:15:17  22  the ATF agents found text messages sent and received

15:15:22  23  between you and Mr. Ford in January and February of 2016,

15:15:29  24  where Mr. Ford requested that you retrieve or redeem the

15:15:33  25  AK-47 rifle from the pawnshop, which you agreed to do.

| | | |
|---|---|---|
| 15:15:38 | 1 | You did it because you knew that, as a felon, Mr. Ford |
| 15:15:41 | 2 | himself could not obtain that from the pawnshop.  And in |
| 15:15:44 | 3 | February 5th of this year you went and retrieved that |
| 15:15:48 | 4 | rifle from the pawnshop, paid for it, and again filled |
| 15:15:51 | 5 | out a Firearms Transaction Record, in which you stated |
| 15:15:54 | 6 | that you were the actual transferee of the firearm you |
| 15:15:57 | 7 | were redeeming when, in fact, you knew that you were |
| 15:16:00 | 8 | getting it for Mr. Ford, and you concealed that fact that |
| 15:16:03 | 9 | you planned to give the rifle to him.  And you, in fact, |
| 15:16:07 | 10 | did give the rifle to him.  And in doing all this, you |
| 15:16:11 | 11 | did not notify anyone in authority that Mr. Ford was a |
| 15:16:14 | 12 | convicted felon who you had assisted to gain possession |
| 15:16:17 | 13 | of this firearm. |
| 15:16:20 | 14 | The facts note that, despite the fact that you |
| 15:16:23 | 15 | gave that to him in the early part of February of this |
| 15:16:26 | 16 | year, you were unaware and there was no evidence to |
| 15:16:30 | 17 | suggest that you were aware that Mr. Ford planned to harm |
| 15:16:33 | 18 | anyone with that weapon.  In fact, there's no evidence to |
| 15:16:36 | 19 | show that Mr. Ford formulated his plan to shoot and kill |
| 15:16:40 | 20 | people prior to the day in which he actually did that. |
| 15:16:45 | 21 | Let me stop there.  It's a long statement of facts |
| 15:16:49 | 22 | which I've summarized, not read in full.  But let me ask |
| 15:16:54 | 23 | you if all these facts are true and correct, ma'am. |
| 15:16:56 | 24 | THE DEFENDANT:  Yes, Your Honor. |
| 15:16:57 | 25 | THE COURT:  And you admit to all of them? |

15:16:59   1          THE DEFENDANT:  Yes, Your Honor.

15:16:59   2          THE COURT:  The last paragraph in Section 2 says

15:17:05   3   that neither of these firearms are manufactured in Kansas

15:17:08   4   and that, in fact, investigations have shown and would

15:17:12   5   show that both firearms had to travel in interstate or

15:17:17   6   foreign commerce before they were found and recovered in

15:17:20   7   Kansas.

15:17:20   8          Do you have any reason to dispute the truth of

15:17:23   9   that statement?

15:17:24  10          THE DEFENDANT:  No, Your Honor.

15:17:24  11          THE COURT:  So you admit to all the facts

15:17:28  12   contained in paragraph 2?

15:17:29  13          THE DEFENDANT:  Yes, Your Honor.

15:17:30  14          THE COURT:  Paragraph 3 discusses the

15:17:33  15   United States Sentencing Guidelines.  Has Mr. Adams

15:17:36  16   explained the sentencing guidelines to you?

15:17:38  17          THE DEFENDANT:  Yes, Your Honor.

15:17:39  18          THE COURT:  So you understand that they're a

15:17:41  19   process whereby the various facts that you've done in

15:17:46  20   your criminal offense will be analyzed and assigned a

15:17:49  21   number to represent how serious they are.  We call that

15:17:51  22   number the offense level.  And that offense level's going

15:17:56  23   to be plotted on a chart against any prior criminal

15:17:59  24   history that you may have, if any, to arrive at a

15:18:02  25   recommended range of an appropriate sentence.

| | | |
|---|---|---|
| 15:18:03 | 1 | Do you understand that? |
| 15:18:04 | 2 | THE DEFENDANT:  Yes, Your Honor. |
| 15:18:05 | 3 | THE COURT:  Counsel, do we anticipate that the |
| 15:18:09 | 4 | charge in the indictment is going to be considered |
| 15:18:13 | 5 | relevant conduct in this case?  The facts have been |
| 15:18:17 | 6 | somewhat restated to the superseding information.  Do |
| 15:18:19 | 7 | either of you have an opinion as to how the initial |
| 15:18:22 | 8 | charge under 922 may factor into a relevant conduct |
| 15:18:28 | 9 | determination? |
| 15:18:28 | 10 | MR. WELCH:  Your Honor, we do believe that it will |
| 15:18:31 | 11 | be considered relevant conduct, 'cause it's -- obviously, |
| 15:18:34 | 12 | the charge she's pleading guilty to is closely tied to |
| 15:18:38 | 13 | the original charge in the indictment. |
| 15:18:39 | 14 | THE COURT:  But different enough from it that |
| 15:18:41 | 15 | relevant conduct will, you think, likely impact the |
| 15:18:45 | 16 | calculation of the guideline? |
| 15:18:46 | 17 | MR. WELCH:  I think it may, Your Honor. |
| 15:18:47 | 18 | THE COURT:  All right.  Mr. Adams? |
| 15:18:49 | 19 | MR. ADAMS:  Your Honor, just to be clear, I |
| 15:18:51 | 20 | don't -- I believe that the way the guidelines are |
| 15:18:54 | 21 | written, especially with respect to misprision of a |
| 15:18:56 | 22 | felony, that the way 2X4.1 reads is that you go down from |
| 15:19:04 | 23 | the original offense level, the underlying offense, so |
| 15:19:07 | 24 | it's kind of factored into the offense level to begin |
| 15:19:10 | 25 | with, with what the underlying offense is that the |

15:19:13   1  individual is charged with or is essentially agreeing

15:19:16   2  that she's guilty of, so if I'm understanding correctly

15:19:20   3  what the Court's asking.  If there's additional relevant

15:19:24   4  conduct beyond that, I'm not sure what the Court will be

15:19:26   5  referring to.  But the underlying offense would be

15:19:28   6  furnishing a firearm to a prohibited person.

15:19:30   7          THE COURT:  Right.

15:19:31   8          MR. ADAMS:  And that's kind of swallowed up into

15:19:34   9  the guideline, from the way I read 2X4.1.

15:19:37  10          THE COURT:  So you anticipate that the principle

15:19:40  11  of relevant conduct may not affect the calculation of the

15:19:44  12  offense level in this case?

15:19:45  13          MR. ADAMS:  Correct.

15:19:45  14          THE COURT:  All right.

15:19:46  15          MR. ADAMS:  And I have discussed it with

15:19:47  16  probation.  I think that that is their understanding as

15:19:51  17  well, based on my contact with them.

15:19:53  18          THE COURT:  All right.  Well, Ms. Hopkins, as you

15:19:54  19  can tell, we're not even clear exactly how this is going

15:20:00  20  to work out today.  So it's probably a safe assumption

15:20:04  21  that you're not clear of that.  But let me, out of a

15:20:06  22  abundance of caution, talk to you about the concept of

15:20:09  23  relevant conduct.  Has Mr. Adams discussed that with you?

15:20:14  24          THE DEFENDANT:  Somewhat.

15:20:14  25          THE COURT:  What it simply -- if I can say

15:20:16  1  "simply."  What it means is that, even though you're only

15:20:20  2  pleading to this charge of misprision of a felony, it's

15:20:23  3  possible that other things that you have done in

15:20:26  4  connection with that crime will be added in or included

15:20:32  5  in the determination of what your offense level would be

15:20:34  6  under the sentencing guidelines.  Do you understand that?

15:20:36  7          THE DEFENDANT:  Yes, Your Honor.

15:20:36  8          THE COURT:  Conduct beyond this precise crime to

15:20:39  9  which you're pleading may also be taken into account in

15:20:42  10  calculating your offense level.  Do you understand that?

15:20:44  11          THE DEFENDANT:  Yes, Your Honor.

15:20:44  12          THE COURT:  All right.  Well, that's called the

15:20:47  13  principle of relevant conduct.

15:20:50  14          So paragraph 3 says that you're asking that the

15:20:53  15  court consider -- that this guideline calculation be made

15:20:57  16  and that the court consider the guidelines in making its

15:21:06  17  sentencing determination for you, which will be done at a

15:21:08  18  later date.  You're waiving any challenges you have to

15:21:11  19  the use of the guidelines, but the parties do agree that,

15:21:16  20  once the final guideline range is calculated, you'll be

15:21:18  21  free to ask for a sentence below the guideline range.

15:21:23  22          THE DEFENDANT:  Yes, Your Honor.

15:21:24  23          THE COURT:  Do you understand all this?

15:21:25  24          THE DEFENDANT:  Yes, Your Honor.

15:21:25  25          THE COURT:  Do you have any questions about that?

15:21:27   1           THE DEFENDANT:  No, Your Honor.

15:21:27   2           THE COURT:  All right.  Then let's go to

15:21:30   3   paragraph 5, which sets out the agreements the

15:21:32   4   Government's making with you in exchange for your guilty

15:21:35   5   plea.  Paragraph 5 says that the Government agrees that

15:21:39   6   at the time of your sentencing it will dismiss the

15:21:41   7   indictment that's been filed against you initially in

15:21:44   8   this case that we talked about at the beginning of this

15:21:46   9   hearing.  It further agrees that it won't file any more

15:21:49   10  charges against you that are based on the same underlying

15:21:53   11  facts that these charges are based on.  It's agreeing

15:21:56   12  that it'll recommend that you receive the maximum

15:21:59   13  reduction in your offense level that's available because

15:22:04   14  you're accepting responsibility for what you did by

15:22:07   15  pleading guilty here today.  That'll probably be a

15:22:10   16  two-level reduction, possibly three-level reduction, in

15:22:14   17  your offense level.

15:22:16   18          And it's agreeing that, once the final guideline

15:22:20   19  range is calculated under the sentencing guidelines, it's

15:22:23   20  going to recommend to me that you be sentenced at the

15:22:26   21  lowest end of that guideline range, but it won't

15:22:31   22  otherwise oppose your request for a lower sentence,

15:22:34   23  including a sentence for probation.

15:22:36   24          These are the promises the Government's making to

15:22:39   25  you.  Do you understand these promises?

| | | |
|---|---|---|
| 15:22:40 | 1 | THE DEFENDANT:  Yes, Your Honor. |
| 15:22:40 | 2 | THE COURT:  Well, there are two things I want you |
| 15:22:43 | 3 | to understand about these.  The first is that this is all |
| 15:22:48 | 4 | the Government's going to do for you in exchange for your |
| 15:22:50 | 5 | plea, these promises set forth here that I've summarized |
| 15:22:54 | 6 | with you.  And so that means that if you're here pleading |
| 15:22:57 | 7 | guilty today because you thought you had some other |
| 15:22:59 | 8 | promises or additional promises from the Government |
| 15:23:02 | 9 | besides these and you're relying maybe even just in part |
| 15:23:06 | 10 | on these other promises in your decision to plead guilty, |
| 15:23:11 | 11 | then I'd advise you not to do that, because the |
| 15:23:15 | 12 | Government will not do anything for you except these |
| 15:23:18 | 13 | promises which I've just summarized. |
| 15:23:19 | 14 | Is that clear? |
| 15:23:20 | 15 | THE DEFENDANT:  Yes, Your Honor. |
| 15:23:20 | 16 | THE COURT:  The second thing I want you to |
| 15:23:23 | 17 | understand about these promises is that even they depend |
| 15:23:28 | 18 | on you continuing to show that you accept responsibility |
| 15:23:31 | 19 | for what you've done, just as you're doing here this |
| 15:23:35 | 20 | afternoon, but that if, in fact, sometime later you deny |
| 15:23:39 | 21 | or give contradictory statements about your involvement, |
| 15:23:43 | 22 | if you make frivolous challenges that don't have any real |
| 15:23:46 | 23 | basis in law or fact, if you try to interfere or obstruct |
| 15:23:52 | 24 | the process of justice in this case, certainly if you |
| 15:23:54 | 25 | were to commit any other crimes, in any of those cases |

15:23:58  1  the Government can come back in to court and ask that you

15:24:02  2  be found to have violated this plea agreement.  And if I

15:24:06  3  find that you have violated it, they won't be held to

15:24:10  4  these promises.  They'll be free to file more charges

15:24:12  5  against you, either charges based on your underlying

15:24:15  6  conduct or charges based on any perjury or false

15:24:19  7  statement or obstruction of justice which you might have

15:24:21  8  done.  Do you understand?

15:24:23  9      THE DEFENDANT:  Yes, Your Honor.

15:24:23  10      THE COURT:  Paragraph 6 explains that no matter

15:24:27  11  what the guideline range calculation is, no matter what

15:24:32  12  request for a sentence the Government makes to me or you

15:24:35  13  make, at the time of your sentencing the sentence you

15:24:39  14  actually receive is going to be entirely up to me, and

15:24:44  15  nobody can promise you what that sentence will be.  You

15:24:46  16  understand that?

15:24:46  17      THE DEFENDANT:  Yes, Your Honor.

15:24:47  18      THE COURT:  And if you don't like the sentence you

15:24:49  19  receive, paragraph 8 explains that that will not be a

15:24:52  20  basis for you to withdraw from your plea.  Once I've

15:24:57  21  accepted your plea, that's final, and you can't change

15:25:00  22  your mind later.  Do you understand that?

15:25:02  23      THE DEFENDANT:  Yes, Your Honor.

15:25:02  24      THE COURT:  All right.  Let's go back and pick up

15:25:05  25  paragraph 7, which talks about forfeiture.  Has Mr. Adams

| | | |
|---|---|---|
| 15:25:08 | 1 | explained the concept of the principle of forfeiture to |
| 15:25:12 | 2 | you? |
| 15:25:13 | 3 | THE DEFENDANT:  Yes, Your Honor. |
| 15:25:13 | 4 | THE COURT:  So you understand that forfeiture |
| 15:25:15 | 5 | means that any property that was used in connection with |
| 15:25:19 | 6 | the crime to which you're pleading you can be required to |
| 15:25:22 | 7 | give up your ownership and your possession rights in that |
| 15:25:25 | 8 | property to the Government, that is to say to forfeit |
| 15:25:28 | 9 | that property to the Government.  And in paragraph 7 |
| 15:25:31 | 10 | you're agreeing to forfeit the two firearms involved |
| 15:25:35 | 11 | here, the .40 caliber semiautomatic handgun, the AK-47 |
| 15:25:38 | 12 | semiautomatic rifle. |
| 15:25:39 | 13 | You're agreeing to forfeit those to the Government |
| 15:25:43 | 14 | because you agree that they were used in connection with |
| 15:25:45 | 15 | the charge that you're pleading to.  You're agreeing to |
| 15:25:48 | 16 | waive your right to a jury trial regarding forfeiture. |
| 15:25:52 | 17 | You're agreeing to waive any defense you have to a |
| 15:25:55 | 18 | forfeiture judgment, and you're even agreeing to an |
| 15:25:57 | 19 | immediate entry of a preliminary order of forfeiture, to |
| 15:26:01 | 20 | sign anything necessary to immediately give effect to |
| 15:26:06 | 21 | forfeiture of this property to the Government. |
| 15:26:07 | 22 | Do you understand all this? |
| 15:26:09 | 23 | THE DEFENDANT:  Yes, Your Honor. |
| 15:26:09 | 24 | THE COURT:  And are you agreeing to do that? |
| 15:26:11 | 25 | THE DEFENDANT:  Yes, Your Honor. |

15:26:11   1          THE COURT:  I'm going to go now to paragraph 10,

15:26:16   2   which explains that the law gives you various rights to

15:26:20   3   file appeals.  You can appeal your prosecution of this

15:26:24   4   case or your conviction of it.  You can appeal your

15:26:28   5   sentence that you receive or how that sentence was

15:26:31   6   calculated.  You can appeal any terms and conditions of

15:26:35   7   supervised release that you might receive or any later

15:26:37   8   order that might be entered if I had found that you had

15:26:44   9   violated your supervised release.  You can even, after

15:26:46   10  this case is over, file a separate motion or a separate

15:26:49   11  case in which you allege that we didn't properly follow

15:26:52   12  the law and the rules and that, therefore, you should be

15:26:56   13  relieved from any judgment or sentence issued against you

15:26:58   14  in this case.

15:26:59   15          But under paragraph 10 you're pretty much waiving

15:27:04   16  all of those appeal rights.  By and large, unless I gave

15:27:11   17  you a sentence higher than the top end of the guideline

15:27:15   18  or unless the United States filed its own appeal, you're

15:27:19   19  pretty much waiving any other appeal rights which you'd

15:27:21   20  otherwise have afforded to you under the law.

15:27:23   21          Do you understand that?

15:27:25   22          THE DEFENDANT:  Yes, Your Honor.

15:27:25   23          THE COURT:  And are you agreeing to do that?

15:27:26   24          THE DEFENDANT:  Yes, Your Honor.

15:27:27   25          THE COURT:  Okay.  I'm going to jump now over to

15:27:32    1  paragraph 14, which explains that the promises made to

15:27:36    2  you in this plea agreement are only binding against

15:27:40    3  federal law enforcement officials in the state of Kansas.

15:27:43    4  And nobody else, that would include no state or local

15:27:47    5  officials in Harvey County, for instance, are in any way

15:27:49    6  restricted by the promises made in this plea agreement.

15:27:53    7  Do you understand?

15:27:54    8         THE DEFENDANT:  Yes, Your Honor.

15:27:54    9         THE COURT:  Finally, the last sentence or two in

15:27:59   10  this plea agreement says that you acknowledge that you're

15:28:03   11  entering into this plea agreement and you're pleading

15:28:05   12  guilty because you are guilty, and that you're doing that

15:28:11   13  freely and voluntarily.  Is that a correct statement,

15:28:13   14  ma'am?

15:28:14   15         THE DEFENDANT:  Yes, Your Honor.

15:28:14   16         THE COURT:  Other than the promises made to you in

15:28:17   17  this plea agreement which I've already discussed with

15:28:20   18  you, has anyone made any other promises to you to

15:28:22   19  persuade you to plead guilty in this case?

15:28:24   20         THE DEFENDANT:  No, Your Honor.

15:28:25   21         THE COURT:  Has anybody made any threats against

15:28:27   22  you to make you enter this plea?

15:28:29   23         THE DEFENDANT:  No, Your Honor.

15:28:29   24         THE COURT:  Has anybody used or tried to use any

15:28:33   25  physical force or violence against you to make you enter

| | | |
|---|---|---|
| 15:28:35 | 1 | this plea? |
| 15:28:36 | 2 | THE DEFENDANT:  No, Your Honor. |
| 15:28:36 | 3 | THE COURT:  Counsel for both sides, have I |
| 15:28:38 | 4 | adequately covered this plea agreement to your |
| 15:28:40 | 5 | satisfaction? |
| 15:28:40 | 6 | MR. WELCH:  Yes, Your Honor. |
| 15:28:42 | 7 | MR. ADAMS:  Yes, Your Honor. |
| 15:28:42 | 8 | THE COURT:  Ms. Hopkins, we also have a document |
| 15:28:45 | 9 | called Petition to Enter Plea of Guilty.  I'm not going |
| 15:28:50 | 10 | to go over that with you in the same detail that we've |
| 15:28:52 | 11 | discussed the plea agreement but I do want to ask you a |
| 15:28:54 | 12 | few questions about this petition. |
| 15:28:56 | 13 | Are you familiar with this document? |
| 15:28:58 | 14 | THE DEFENDANT:  Yes, Your Honor.  Yes, Your Honor. |
| 15:29:03 | 15 | THE COURT:  You've discussed it with Mr. Adams and |
| 15:29:04 | 16 | he's explained it to you? |
| 15:29:05 | 17 | THE DEFENDANT:  Oh, yes, Your Honor, yes. |
| 15:29:08 | 18 | THE COURT:  Counsel, are you confident your client |
| 15:29:09 | 19 | understands the consequences of signing this petition and |
| 15:29:12 | 20 | presenting it to the Court? |
| 15:29:13 | 21 | MR. ADAMS:  Yes, Your Honor. |
| 15:29:14 | 22 | THE COURT:  You understand, ma'am, that by signing |
| 15:29:19 | 23 | this petition and giving it to me it means that you're |
| 15:29:21 | 24 | admitting, under oath, that you committed the crime to |
| 15:29:25 | 25 | which you're pleading and you're admitting that you're, |

| | | |
|---|---|---|
| 15:29:28 | 1 | in fact, legally guilty of that crime?  Do you understand |
| 15:29:31 | 2 | that? |
| 15:29:31 | 3 | THE DEFENDANT:  Yes, Your Honor. |
| 15:29:31 | 4 | THE COURT:  And by signing this petition and |
| 15:29:35 | 5 | giving it to me it means that you're telling me you want |
| 15:29:38 | 6 | to plead guilty to this crime and you want me to accept |
| 15:29:41 | 7 | your plea and find that you are guilty, without having to |
| 15:29:45 | 8 | have a trial.  Do you understand that? |
| 15:29:47 | 9 | THE DEFENDANT:  Yes, Your Honor. |
| 15:29:47 | 10 | THE COURT:  Are you signing this petition and |
| 15:29:50 | 11 | giving it to the court because you are, in fact, legally |
| 15:29:53 | 12 | guilty of the crime to which you're pleading? |
| 15:29:55 | 13 | THE DEFENDANT:  Yes, Your Honor. |
| 15:29:56 | 14 | THE COURT:  Do you have any questions about |
| 15:29:59 | 15 | anything I've talked to you about this afternoon? |
| 15:30:02 | 16 | THE DEFENDANT:  No, Your Honor. |
| 15:30:02 | 17 | THE COURT:  Before I take your plea, do you want |
| 15:30:04 | 18 | any additional time to speak privately with your attorney |
| 15:30:07 | 19 | about anything at all? |
| 15:30:09 | 20 | THE DEFENDANT:  No, Your Honor. |
| 15:30:10 | 21 | THE COURT:  Are you ready to enter your plea? |
| 15:30:12 | 22 | THE DEFENDANT:  Yes, Your Honor. |
| 15:30:12 | 23 | THE COURT:  Would you please stand. |
| 15:30:13 | 24 | (The defendant complies.) |
| 15:30:14 | 25 | THE COURT:  Sarah J. Hopkins, as to the charge |

15:30:21   1   filed against you in the superseding information, how do

15:30:23   2   you plead, guilty or not guilty?

15:30:24   3        THE DEFENDANT:  Guilty.

15:30:25   4        THE COURT:  Mr. Adams, you may assist your client

15:30:27   5   in executing the documents and presenting them to the

15:30:30   6   court.

15:30:32   7        (Brief pause.)

15:31:25   8        THE COURT:  Counsel, do either of you know of any

15:31:28   9   reason why I should not accept this plea?

15:31:30  10        MR. WELCH:  No, Your Honor.

15:31:30  11        MR. ADAMS:  No, Your Honor.

15:31:31  12        THE COURT:  Very well.  I find that the defendant

15:31:33  13   has made her plea freely, voluntarily, and because she's

15:31:38  14   guilty as charged, not out of ignorance, fear,

15:31:42  15   inadvertence, or coercion, but with a full understanding

15:31:46  16   of the consequences.  I further find that she's admitted

15:31:49  17   to the essential elements of the crime charged and that

15:31:52  18   she's mentally competent to do so.  I'm, therefore,

15:31:54  19   ordering that the defendant's plea of guilty be accepted

15:31:56  20   and entered as prayed for in the petition and as

15:31:59  21   recommended by her attorney.

15:32:00  22        I'm going to direct the United States Probation

15:32:04  23   Office to prepare a background presentence investigation

15:32:08  24   report on you, Ms. Hopkins, that we'll use at the time of

15:32:10  25   your sentencing.  In connection with that, they're going

| | | |
|---|---|---|
| 15:32:13 | 1 | to want to probably talk to you or interview you, and I'm |
| 15:32:15 | 2 | advising you to have Mr. Adams present for that interview |
| 15:32:18 | 3 | or, at a minimum, to at least discuss it with him in |
| 15:32:21 | 4 | advance.  Do you understand? |
| 15:32:22 | 5 | THE DEFENDANT:  Yes, Your Honor. |
| 15:32:22 | 6 | THE COURT:  What date can we set for sentencing in |
| 15:32:24 | 7 | this case? |
| 15:32:25 | 8 | CLERK COOK:  Monday, November 28th, at 3:00 P.M. |
| 15:32:28 | 9 | THE COURT:  Sentencing will be set accordingly. |
| 15:32:30 | 10 | We have pending in this case, Mr. Adams, two |
| 15:32:34 | 11 | motions to suppress, one entitled Motion to Suppress Cell |
| 15:32:37 | 12 | Phones and one entitled Motion to Suppress Statements |
| 15:32:39 | 13 | filed at Documents 14 and 16.  May those motions be |
| 15:32:44 | 14 | withdrawn at this point? |
| 15:32:44 | 15 | MR. ADAMS:  Yes, Your Honor.  And I can file a |
| 15:32:46 | 16 | formal withdrawal or whatever the Court -- |
| 15:32:48 | 17 | THE COURT:  Your statement in open court is |
| 15:32:49 | 18 | sufficient.  We'll make a text entry in the docket that |
| 15:32:53 | 19 | defendant's withdrawn both of those motions in open |
| 15:32:55 | 20 | court. |
| 15:32:56 | 21 | MR. ADAMS:  Your Honor, with respect to the |
| 15:32:58 | 22 | sentencing date, just so the Court is aware, I'm |
| 15:33:00 | 23 | anticipating calling at least one witness in mitigation, |
| 15:33:03 | 24 | a doctor from Kansas City.  And I've explained that to |
| 15:33:07 | 25 | the prosecutor in this case, that we would intend to call |

15:33:10  1  this witness in mitigation of punishment.  So I don't

15:33:12  2  know if you want to schedule an additional 30 minutes,

15:33:14  3  perhaps, or whatever.

15:33:15  4      THE COURT:  And I appreciate knowing that.  As you

15:33:17  5  know, most sentences we can process through in about 15

15:33:21  6  minutes.  But if we need more time, we're certainly happy

15:33:26  7  to give it.  But it's nice to know for scheduling

15:33:29  8  purposes we need to do that.  So we'll make a note of

15:33:30  9  that and plan accordingly.

15:33:30  10      MR. ADAMS:  Thank you, Your Honor.

15:33:31  11      THE COURT:  Thank you, Mr. Adams.

15:33:32  12      Is there anything else we need to take up

15:33:34  13  regarding this matter this afternoon?

15:33:35  14      MR. WELCH:  No, Your Honor.

15:33:36  15      MR. ADAMS:  No, Your Honor.  Thank you.

15:33:36  16      THE COURT:  The Court's in recess.

15:33:37  17      CLERK COOK:  All rise.

15:33:38  18      (Whereupon, the proceedings were concluded at

15:33:39  19  3:34 P.M.)

20

21

22

23

24

25

# C E R T I F I C A T E

I, Johanna L. Wilkinson, United States Court Reporter in and for the District of Kansas, do hereby certify:

That the above and foregoing proceedings were taken by me at said time and place in stenotype;

That thereafter said proceedings were transcribed under my direction and supervision by means of computer-aided transcription, and that the above and foregoing constitutes a full, true and correct transcript of said proceedings;

That I am a disinterested person to the said action.

IN WITNESS WHEREOF, I hereto set my hand on this the 27th day of August, 2018.


                          s/ Johanna L. Wilkinson
                          Johanna L. Wilkinson, CSR, CRR, RMR
                          United States Court Reporter